THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PARSLEY DeVIVO, WILLIAM EDWARDS, LEROY LINGUIST AND JOSEPH GERUNDE, PLAINTIFFS IN ERROR.

Submitted May 15, 1926—Decided April 14, 1927.

1. A plaintiff in error, having elected to have his conviction reviewed on strict writ of error, under sections 135, 140 and 141 of the Criminal Procedure act, cannot relieve himself from the duty to make the alleged errors assigned on the court's charge visible, by setting forth so much of the testimony as bears on the questions dealt with by the trial judge in his charge, so that the reviewing court may be supplied with intelligible information from the record, and so be able to decide whether the portion of the charge complained of is erroneous or not.

2. An assignment of error, under a strict writ of error, containing several distinct propositions, some of them good and some of them bad, not only renders the assignment bad for multifariousness, but invalid on the theory that if one of the propositions embraced in the assignment is an invalid one, the assignment must fail.

3. Plaintiffs in error were tried and convicted upon nine indictments for robbery, and the trial court told the jury that they might bring in a verdict of guilty of robbery on each indictment, or bring in a verdict of assault and battery on the indictments, or acquit entirely. Held, that in the absence of testimony returned with the writ of error bearing on this point, it must be assumed that the testimony warranted the instructions given.

On error to the Hudson County Court of General Quarter Sessions.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiffs in error, Lazarus, Brenner & Vickers.

For the defendant in error, John Milton, prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J. The case is brought before us for review on strict writ of error and bills of exceptions. The errors as-

signed on the exceptions relate to alleged errors in the instruction of the trial judge to the jury. Not any of the testimony is printed in the record, and, therefore, we can only obtain an unsatisfactory glimmering of what its legal effect was, and, hence, must necessarily resort to and accept the statements made by the trial judge in his charge to the jury as to what the legal effect of such undisclosed testimony was, and, consequently, his statements in that regard furnish the sole criterion by which to determine the question whether there was error in law.

Counsel, in their brief filed on behalf of the plaintiffs in error, state: "The review in this case is on strict writ of error upon assignments laid under section 140 of the Criminal Procedure act upon a bill of a general exception settled, signed and sealed by the trial judge."

The clear design of this section was to abrogate, as to criminal cases only, the legal rule which prevailed in both civil and criminal cases, that a defendant was required in order to entitle him to take advantage of any error committed by the trial judge in his charge to the jury, to take an exception to the particular instruction or instructions given in such charge, by stating, at the time of the trial, to what particular proposition or propositions, as laid down by the court, he excepted to as erroneous in law or in fact.

The law-making power of this state, evidently, deemed the earlier practice too rigorous in its requirements, when applied to criminal cases, especially where life or liberty of an individual was at stake, and, therefore, properly and humanely enacted, in 1890 (*Pamph. L.* 1890, *p.* 26), the provisions contained in sections 140 and 141. 2 *Comp. Stat., pp.* 1866, 1867. A history of the origin of bills of exceptions in criminal cases is to be found in *State* v. *Hart,* 90 *N. J. L.* 261 (at *pp.* 264, 265, 266).

Section 140 of the Criminal Procedure act (2 *Comp. Stat., p.* 1866) reads: "Upon the trial of any indictment it shall be lawful to take a general exception to the charge of the court to the jury, without specifying any particular ground or grounds for such exception, and without specifying what portions of said charge are excepted to, and it shall be the

duty of the judge to settle a bill of such exceptions, and to sign and seal the same, to the end that the same may be returned with a writ of error to the court having cognizance thereof."

Section 141 of the same act, page 1867, provides: "It shall be lawful where such general exception has been taken to assign error or errors of law upon any portion of the charge so excepted to."

These two sections are supplementary to section 135, page 1862, of the Criminal Procedure act, which section provides: "If, on the trial of any indictment, any exception shall be taken to any decision of the court, during the trial, to the prejudice or injury of any defendant, it shall be the duty of the judge to settle a bill of such exceptions, and to sign and seal the said bill, to the end that the same be returned with a writ of error to the court having cognizance thereof; and the bill of exceptions taken in any case shall contain only so much of the evidence as may be necessary to present the question of law upon which exceptions were taken at the trial" * * *.

In view of the requirements of this section, it seems to us, where there is a general exception or particular exceptions taken to a charge or portions of a charge of the court, upon which errors in the charge are assigned, and such assigned and alleged errors necessarily involve a consideration of the testimony in order to ascertain whether a legal rule was inaccurately stated to the prejudice of the defendant, so much of the testimony as bears upon the question of the legal accuracy of the portion of the charge assailed as erroneous must be set out in bills of exceptions.

Cases are readily conceivable where no testimony need be set forth in support of an exception taken to a charge of the court. Thus, if the court should instruct a jury that the legal presumption of the innocence of the defendant was overcome by the testimony on part of the state, or wrongly stated upon whom the burden of proof rested, or that the testimony left no doubt of the defendant's guilt, or should deny a defendant's request to charge that he was entitled to the benefit of a reasonable doubt, &c., all these are instances of error,

independent of the testimony. But, it is not to be understood that the foregoing category of instances includes all of the instances which may occur in the course of a trial or arise out of a charge of the court, which do not need the support of testimony.

The printed case contains this stipulation: "By stipulation between the respective counsel for the state and the defendants, it is agreed that the indictments numbers 324 to 331, inclusive, in form and substance are identical with number 323 hereinabove set out, except that each of these eight indictments contains the name of a different person as the alleged victim. It is also agreed that for the sake of economy and brevity each of these eight indictments need not be printed *in extenso* in the state of the case."

As has already been stated the assignments of error are based upon alleged errors in the charge of the trial judge.

Under point one of the brief of counsel of plaintiffs in error, it is argued that there was error in that portion of the court's charge which is as follows: "You can bring in a verdict of guilty of robbery, guilty of assault and battery or not guilty. While there are nine indictments here, I charge you that you cannot find a conviction on some and an acquittal on others. They are either guilty on the nine indictments or not guilty. Therefore, you may bring in a verdict of guilty of robbery on each of these indictments, or bring in a verdict of assault and battery on each of these indictments, or acquit entirely; but you cannot bring a verdict of guilty of one, two, three, four or five and disregard the others. They are guilty of all or guilty of none." This alleged erroneous portion of the judge's charge is made the subject of the first assignment of error.

It needs no argument to demonstrate that a resort to the testimony is absolutely necessary in order to make the assignment intelligible. In the absence of what the testimony was on the subject with which the court was dealing, we must assume it was of such a character as to warrant the instruction given.

Moreover, the assignment is bad for multifariousness.

In *Associates of the Jersey Co.* v. *Davison, 29 N. J. L.* 415, the Court of Errors and Appeals (at *p.* 418) held: "The assignment of error is a pleading filed by the party complaining of the errors of the judge, and each assignment should be single, and not multifarious, for that reason.  The true rule upon this subject is stated in *Oliver* v. *Phelps, Spen.* 183, by Chief Justice Hornblower; *Coxe* v. *Field,* 1 *Gr.* 218; *Williams* v. *Shepherd, Ibid.* 78; *Ludlam* v. *Broderick, 3 Id.* 275."

In *Drummond* v. *Hughes,* 91 *N. J. L.* 563, the Court of Errors and Appeals, speaking through Mr. Justice Swayze (at *p.* 564), said: "The first ground of appeal cannot be considered.  It embraces a large part of the charge, nearly two printed pages, including several distinct propositions. The reason for condemning that practice is as strong under our present procedure as it was when the method of review was by writ of error."

In *John S. Geiger Sons* v. *Waldron,* 100 *N. J. L.* 93, Chancellor Walker, in delivering the opinion of the Court of Errors and Appeals (at *pp.* 96, 97), says: "But, when in an appellate court reliance is placed upon the refusal of the trial court to charge the particular prayers as requested, whether or not each is made the specific ground of appeal, they must at least be argued separately, and in such a way that particular errors in law, said to have been committed by the court below, must be pointed out, and they may not be grouped in an argument founded on the most general principles, as was done in this case.  A court of review is not bound to search through the record and separate that which may be bad from that which may be good.  That is properly the work of counsel.  Specific errors upon which reliance is placed must be pointed out." This case is also authority for the general proposition "that where an instruction asked for is partly good and partly bad, it is proper to refuse to charge a request containing several propositions if any of them are unfounded."

By parity of reasoning an assignment of error containing several distinct propositions, some of them good and some of them bad, not only renders the assignment bad for multifariousness, but invalid on the theory that if one of the propo-

sitions embraced in the assignment is an invalid proposition, the assignment must fail. Thus far we have been considering the practice in civil cases, but this is of no significance in view of what was so aptly said by Chief Justice Green in *State* v. *Donnelly,* 26 *N. J. L.* 463 (at *p.* 480) : "The act gives the prisoner in criminal cases a bill of exceptions as in civil cases. The right is no broader in one case than in the other. In a civil case, it is most clear that the objections embraced in these assignments are not legal grounds of error."

The effect of the new Practice act of 1912 was to abolish bills of exceptions in civil cases only. *Kargman* v. *Carlo,* 85 *N. J. L.* 632; *Miller* v. *Delaware River Transportation Co., Ibid.* 700.

The passage of various statutes regulating criminal procedure changed the practice as to bills of exceptions and assignments of errors so that there is now some difference in practice between the civil and criminal precedure relating to the method of review in these respects. The formerly required writ of error in civil cases is abolished and a notice of appeal is substituted in lieu thereof. Bills of exceptions are also abrogated, their essence, however, being retained, but with less formality as heretofore, namely, by an objection noted on the record to a judicial ruling of the court on any matter objected to in the course of the proceedings. Grounds of appeal have taken the place of assignments of errors, but the former are subject to the same legal rules as governed and controlled the matter before the adoption of the Practice act of 1912. This is illustrated and confirmed by the cases of *Drummond* v. *Hughes* and *John S. Geiger Sons* v. *Waldron, supra.*

The legal effect of the enactment of sections 135, 140 and 141, *supra,* of the Criminal Procedure act, altered and broadened the practice relating to bills of exceptions and assignments of errors. The writ of error is preserved in its integrity, as at common law. Section 135, *supra,* was section 91 of the Criminal Procedure act of the Revision of 1874. The statute was enacted in 1863. It directs bills of exceptions to be sealed in certain criminal cases. *Pamph. L.* 1863, *p.* 311, §§ 140, 141, *supra,* were enacted in 1890, mani-

festly to the end, as has already been indicated. By sections 136 and 137, which sections are enactments of a later period than that of sections 135, 140 and 141, the legislature created an additional method of appeal, but we are not concerned with the provisions relating to such method of appeal, since the plaintiffs in error did not resort to it, except to say, *arguendo,* that it seems clear to us that sections 140 and 141 apply solely to where the review is sought by the plaintiffs in error, by strict writ of error. This view is emphasized by the fact that where a general exception is taken to the judge's charge section 141 expressly provides that in such a case it shall be. lawful to assign error or errors at law upon any portion of the charge so excepted to.

Before the enactment of sections 136 and 137, which authorize the bringing up for review the entire record and proceedings had at the trial, there was only a single method of review, and that was by strict writ of error and bills of exceptions. The practice was to bring up the entire proceedings had from the inception of the finding of the indictment to and including the passing of judgment. To avoid prolixity in the record by the printing of matter immaterial to the consideration of the errors of law assigned, section 135, *supra,* was enacted, and this section makes it obligatory upon the plaintiff in error to present by his bills of exceptions only such parts of the testimony as are essential to exhibit the alleged errors relied on, irrespective of the fact whether such alleged errors occurred in rulings, on the admission or rejection of testimony or in the charge of the court to the jury.

Sections 136 and 137, *supra,* left the procedure under section 135 undisturbed. The former sections provided a concurrent method of review of a judgment in a criminal case, and both methods of procedure may be availed of by a convicted defendant at the same time.

The plaintiff in error having elected to have his conviction reviewed on strict writ of error, under sections 135, 140 and 141, he cannot relieve himself from the duty to make the alleged errors assigned on the court's charge visible by setting forth so much of the testimony as bears on the question dealt with by the trial judge in his charge, so that a court

sitting in review may be supplied with intelligible information from the record and thus be enabled to decide whether the portion of the charge assailed as erroneous is so or not.

Returning to a consideration of the first assignment of error, in the present case, in addition to what has been said as to its being multifarious, and, therefore, is in contravention of the legal rule that an assignment of error should be single, it is quite evident that that portion of the assignment which is assigned as error, to wit: "You can bring in a verdict of guilty of robbery, guilty of assault and battery, or not guilty," was an accurate statement of law, provided a jury could properly find under the indictment and the evidence in the cause any one of these verdicts. As the testimony bearing on this question is not in the record, the alleged error is not pointed out.

So, also, the portion of the charge assailed as erroneous, to wit: "While there are nine indictments here, I charge you that you cannot find a conviction on some and an acquittal on others." Without having the evidence before us, we are unable to say that there was error in this instruction. According to the stipulation in the record the nine indictments were of the same tenor, in form and substance, with the exception that the victim of the robbery was a different person. The plaintiffs in error were tried jointly under the nine indictments, and if nine individuals were held up and each robbed by these plaintiffs in error, pursuant to a combination and agreement between them to commit the robberies in question, the evidence being the same in every respect as to the nine robberies alleged to have been committed, we cannot say, as a matter of law, without the evidence before us, that the instructions given by the trial judge was erroneous, especially since the court followed this instruction with this statement: "They are either guilty on nine indictments or not guilty. Therefore, you may bring in a verdict of guilty of robbery on each of these indictments, or bring in a verdict of assault and battery on each of these indictments or acquit entirely; but you cannot bring in a verdict of guilty on one, two, three, four or five and disregard the others. They are

guilty of all or guilty of none." It is argued under this assignment on behalf of the plaintiffs in error that the plaintiffs in error were entitled to a verdict on each indictment, whereas the jury found a general verdict. A complete answer to this criticism is that there is no error assigned on the verdict nor on the judgment. The trial judge instructed the jury accurately, when he said that "they may bring in a verdict of guilty of robbery on each of these indictments or bring in a verdict of assault and battery on these indictments, or acquit them entirely." We must assume that the testimony warranted the instruction given. No error in the instruction is made manifest to us. Upon the assumption that the testimony was of the same character as to the nine indictments it was a logical comment for the trial judge to make, namely, "but you cannot bring in a verdict of guilty of one, two, three, four or five and disregard the others. They are guilty of all or guilty of none." It cannot be successfully contended that it was error for the trial judge to charge the jury that it could consider some of the indictments and disregard the others. The only permissible inference to be drawn from what was, in general terms, indicated by the court, is that under the evidence the jury could find the plaintiffs in error guilty on each of the indictments or convict them of a lesser offense or acquit them altogether. But that it could not under the evidence satisfy the requirements of the law by finding the plaintiffs in error guilty of some of the indictments and disregard the evidence as to the others.

Moreover, it appears from the record that the trial judge gave judgment for no greater penalty than that provided by the statute upon a conviction on a single indictment for robbery. The sentences pronounced were made to run concurrently.

Next, it is argued that the statements made in the charge by the trial judge: "You will take the indictments with you into the jury room and examine them there, and will see the articles stolen from each individual count" are prejudicially misleading. We find no error in this regard. In the stipulation, printed in the record, it was agreed that each of these eight indictments contains the name of a different person as

the alleged victim, and lists certain articles, the property of such victim.

If there was testimony tending to show that the articles were stolen, and the stipulation admits that each indictment listed certain articles, the property of such victim, it cannot be successfully contended that it was error to speak of the property as stolen property, even though not stolen by the plaintiffs in error. It was not denied that the property was stolen. There is no evidence before us and we cannot say whether or not the charge of the court was in accordance with the undisputed facts. No error is pointed out in this respect. It was practically conceded by the stipulation that the nine victims were actually robbed, and, hence, we have not been informed by aught that appears of record in what respect the statement made by the trial judge to the jury was erroneous or in what respect harmful error, on the merits of the case, was suffered by the plaintiffs in error.

Judgment is affirmed.